# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AVAGO TECHNOLOGIES INTERNATIONAL SALES PTE. LTD., 1 Yishun Avenue 7 Singapore, Singapore 768923<br><br>Plaintiff,<br><br>v.<br><br>BROADCOM L.L.C., 600 Kenilworth Terrace NE, Apt. 212 Washington, D.C. 20019<br><br>Defendant. | Civil Action No. 1:22-cv-1159 |

## COMPLAINT AND JURY DEMAND

This is an action for trademark infringement and unfair competition based on Defendant Broadcom L.L.C.'s ("Defendant") willful misappropriation of Plaintiff Avago Technologies International Sales Pte. Limited's ("Plaintiff") well-known BROADCOM trademark. Specifically, Defendant has willfully infringed Plaintiff's trademark through Defendant's unauthorized and bad faith use of the BROADCOM mark in connection with Defendant's business consulting and support services. Plaintiff now brings this action for trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a) and the common law of the District of Columbia, unfair competition in violation of 15 U.S.C. § 1125(a) and the common law of the District of Columbia, deceptive trade practices in violation of the District of Columbia's Consumer Protection Procedures Act, D.C. Code § 28–3904, and cybersquatting in violation of 15 U.S.C. § 1125(d).

## PARTIES

1. Plaintiff Avago Technologies International Sales Pte. Limited is a private limited corporation formed under the law of Singapore with a place of business at 1 Yishun Avenue 7, Singapore, Singapore 768923.

2. Upon information and belief, Defendant is a limited liability company existing under the laws of the District of Columbia with a principal place of business at 600 Kenilworth Terrace NE, Apt. 212, Washington, D.C. 20019.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims asserted under the Lanham Act pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and (b).

4. This Court has supplemental jurisdiction over the remaining claims asserted in this Complaint pursuant to 28 U.S.C. § 1367 because the district law claims are so related to the federal claims that they form part of the same case or controversy, and they are derived from a common nucleus of operative facts.

5. This Court has personal jurisdiction over Defendant because Defendant is organized under the laws of this judicial district, has its principal place of business in this judicial district, and because the activities complained of herein have occurred, and continue to occur, in this judicial district.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because this is the judicial district in which the defendant resides and a substantial part of the events giving rise to the claim occurred.

**FACTUAL BACKGROUND**

A. **Plaintiff and the Broadcom Marks**

7. Plaintiff is a global technology company that produces category-leading semiconductor and infrastructure software solutions. Plaintiff's connectivity technologies include, among other things, one of the industry's broadest portfolios of integrated semiconductor chips that deliver voice, video, data, and multimedia connectivity in home, office, and mobile environments. Plaintiff also provides computing and technology consulting services.

8. Plaintiff owns several valuable trademarks that are important to its diverse business. In relevant part, Exhibit A, incorporated herein, shows Plaintiff's portfolio of federal trademark registrations and applications for the mark BROADCOM covering a wide variety of goods and services. Attached as Exhibit B and incorporated herein are true and correct copies of printouts from the United States Patent and Trademark Office ("USPTO") website evidencing Plaintiff's ownership of these trademarks. The registrations and applications identified in Exhibits A and B are valid and subsisting.

9. Since at least as early as 1994, Plaintiff and/or its affiliates, licensees, predecessors, and/or successors have used the BROADCOM mark in connection with, among other things, the goods and services identified in Exhibits A and B.

10. U.S. Trademark Reg. Nos. 4037851, 4053794, 3789931, 3787260, 2392925, 2595174, 2625799, 2326387, and 2132930 are incontestable under 15 U.S.C. § 1065.

11. Plaintiff also owns common law rights to the marks listed in Exhibits A and B by virtue of its long-standing and continuous use of the marks in commerce since at least as early as the dates identified in Exhibit A.

12. Plaintiff's trademark rights arising from the facts and activities set forth in Paragraphs 7-12 are collectively referred to herein as the "Broadcom Marks."

13. Plaintiff and/or its affiliates, licensees, predecessors, and/or successors use the Broadcom Marks extensively in interstate commerce in connection with the goods and services identified in Exhibits A and B.

14. Through long and widespread use, the Broadcom Marks have become widely recognized by the public as brand identifiers for Plaintiff's goods and services and have developed extensive goodwill in the market.

15. Over the past twenty-eight years, Plaintiff has invested substantial time, money, and effort in developing consumer recognition and awareness of the Broadcom Marks. Specifically, Plaintiff has spent extensively on the advertisement and promotion of goods and services sold under the Broadcom Marks. As part of its brand investment, Plaintiff advertises its goods and services through print and digital media, websites, emails, and social media sites nationwide.

16. The Broadcom Marks are strong marks that are entitled to a wide scope of protection.

**B. Defendant and its Infringing Use of the BROADCOM Marks.**

17. Defendant operates a company that advertises, sells, and/or offers for sale business support and business consulting services under BROADCOM-formative marks. *See* Exhibit C.

18. Specifically, Defendant has advertised, offered for sale, and/or sold its services under the word marks BROADCOM and BROADCOMDC, as well as under the following design mark:

4



(collectively, the "Infringing Marks"). *Id.*

19. Upon information and belief, Defendant advertises, offers for sale, and/or sells its services nationwide through its website, www.broadcomdc.com (the "Infringing Domain").

20. The Infringing Domain was registered on May 4, 2018. *See* Exhibit D.

21. On March 12, 2021, Plaintiff sent a letter to Defendant requesting Defendant cease use of the Broadcom Marks. *See* Exhibit E ("March 2021 Letter").

22. On May 6, 2021, Plaintiff's counsel spoke via telephone with Ms. Sheena Stewart, the registered agent for Defendant, and confirmed Defendant's receipt of the March 2021 Letter and reiterated the basis for Plaintiff's infringement claims.

23. Defendant did not respond further to the March 2021 Letter.

24. On August 23, 2021, Plaintiff sent a second letter to Defendant again requesting Defendant cease its intentional and willful use of the Broadcom Marks. *See* Exhibit F ("August 2021 Letter").

25. Defendant did not respond to the August 2021 Letter.

26. On March 1, 2022, Plaintiff sent a third letter to Defendant again requesting Defendant cease its intentional and willful use of the Broadcom Marks and stating that Plaintiff intended to file the present suit unless Defendant complied. *See* Exhibit G ("March 2022 Letter").

27. Defendant did not respond to the March 2022 Letter.

28. Defendant has advertised, promoted, sold, and/or offer for sale its business support and business consulting services under the Infringing Marks.

29. Defendant's use of the Infringing Marks is without permission or license from Plaintiffs.

30. Defendants' unauthorized use of the Infringing Marks is likely to result in consumer confusion regarding the source and affiliation of Defendant's services with Plaintiff's goods and services, and creates the impression that Defendant is somehow related to, connected, associated, or affiliated with, or endorsed by Plaintiff when it is not.

31. Despite knowing of the infringement, Defendant has continued to advertise, sell, and/or offer for sale business support and business consulting services under the Infringing Marks.

32. Defendant's conduct is willful, intentional, and represents a conscious disregard for Plaintiff's rights in the Broadcom Marks and a calculated decision to misappropriate the goodwill represented by the Broadcom Marks.  Further, the fact that Defendant continued its unlawful conduct after receiving Plaintiff's letters demonstrates Defendant's intent to continue selling services under the Broadcom Marks without regard for Plaintiff's intellectual property rights.

33. Plaintiff has been injured, and will continue to be injured, in the course of its business as a result of Defendant's use of the Infringing Marks unless Defendant is enjoined by the Court.

**FIRST CLAIM FOR RELIEF**
**(Federal Trademark Infringement in Violation of 15 U.S.C. § 1114)**

34. Plaintiff incorporates by reference each and every allegation in the preceding paragraphs.

35. Defendant's unauthorized use of the Infringing Marks in connection its virtual business support and business consulting services is likely to create confusion with Plaintiff and its use of the Broadcom Marks.

36. Defendant's continued use of the Infringing Marks is likely to cause confusion or mistake, or to deceive consumers and prospective consumers as to the origin, sponsorship, association or approval of the goods and services provided by Defendant, or to cause confusion or mistake or to deceive relevant consumers and prospective consumers that Defendant is affiliated with, sponsored, approved, or otherwise associated with Plaintiff.

37. The conduct complained of herein has been without authorization or consent of Plaintiff and has damaged, is damaging, and is likely to continue to damage Plaintiff in an amount to be proven at trial.

38. The conduct complained of herein constitutes a violation of 15 U.S.C. § 1114 and has caused and is causing irreparable harm and damage to Plaintiff for which there is no adequate remedy at law.

### SECOND CLAIM FOR RELIEF
**(False Designation of Origin and Unfair Competition in Violation of 15 U.S.C. § 1125(a))**

39. Plaintiff incorporates by reference each and every allegation in the preceding paragraphs.

40. Defendant's use of the Infringing Marks in connection with the offering, advertising, promoting, and provision of Defendant's goods and services is likely to cause confusion or mistake, or to deceive relevant consumers and prospective consumers as to the origin, sponsorship, association or approval of the goods and services provided by Defendant, or to cause confusion or mistake or to deceive relevant consumers and prospective consumers that Defendant is affiliated with, sponsored, approved, or otherwise associated with Plaintiff.

41. The conduct complained of herein has been without authorization or consent of Plaintiff and has damaged, is damaging, and is likely to continue to damage Plaintiff in an amount to be determined at trial.

42. On information and belief, Defendant did the aforesaid acts with knowledge and in willful disregard of Plaintiff's rights therein.

43. The conduct complained of herein constitutes a violation of 15 U.S.C. § 1125(a) and has caused and is causing irreparable harm and damage to Plaintiff for which there is no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
**(Common Law Trademark Infringement)**

44. Plaintiff incorporates by reference each and every allegation in the preceding paragraphs.

45. Defendant's use of the Infringing Marks in connection with the offering, advertising, promotion, and/or provision of Defendant's services is likely to cause confusion, mistake, and/or deception of relevant consumers and prospective consumers.

46. The conduct complained of herein has been without authorization or consent of Plaintiff and has damaged, is damaging, and is likely to continue to damage Plaintiff in an amount to be determined at trial.

47. The conduct complained of herein has caused and is causing irreparable harm and damage to Plaintiff for which there is no adequate remedy at law.

48. On information and belief, the aforesaid conduct was undertaken willfully with full knowledge of Plaintiff's use of the Broadcom Marks and with the intention of causing confusion, mistake, or deception.

## FOURTH CLAIM FOR RELIEF
**(Common Law Unfair Competition)**

49. Plaintiff incorporates by reference each and every allegation in the preceding paragraphs.

50. On information and belief, Defendant's services have been advertised, promoted, offered, and/or sold in the District of Columbia under the Infringing Marks with full knowledge of Plaintiff's rights in connection with the same or closely related goods and services.

51. Defendant has unfairly competed with Plaintiff by creating the impression among relevant consumers that the goods and services offered by Defendant are licensed by, sponsored by, originated with, and/or are otherwise affiliated with those of Plaintiff, or that the source of the goods and services offered and sold by Defendant is affiliated with or associated with Plaintiff, when Defendant's goods and services have no connection with or authorization from Plaintiff.

52. Defendant has misappropriated Plaintiff's valuable goodwill and public recognition of the Broadcom Marks, which has been developed over a long period of time by Plaintiff, and Defendant has unlawfully benefited and been unjustly enriched by such activities.

53. Continued use by Defendant of the Infringing Marks in connection with its virtual business support and business consulting services constitutes unfair competition under the common law of the District of Columbia.

54. This use has injured Plaintiff's business reputation and will cause irreparable harm, damage, and injury to Plaintiff unless restrained or enjoined by the Court.

## FIFTH CLAIM FOR RELIEF
**(District of Columbia's Consumer Protection Procedures Act)**

55. Plaintiff incorporates by reference each and every allegation in the preceding paragraphs.

9

56. Defendant's activities described herein constitute unfair or deceptive trade practices in violation of the District of Columbia's Consumer Protection Procedures Act, including but not limited to § 28–3904.

57. Plaintiff has been injured in the course of its business as a result of the deceptive trade practices in the form of actual confusion, likely consumer confusion, and/or loss of goodwill.

58. On information and belief, Defendant's wrongful and deceptive activities have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other damage to Plaintiff's business, reputation, and goodwill in the Broadcom Marks for which Plaintiff has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF
**(Anti-cybersquatting Consumer Protection Act 15 U.S.C. § 1125(d))**

59. Plaintiff incorporates by reference each and every allegation in the preceding paragraphs.

60. Plaintiff is the exclusive owner of the BROADCOM mark. The registrations listed in Exhibit A are in full force and effect. Additionally, the Broadcom Marks are highly distinctive and were distinctive at the time the Infringing Domain was registered.

61. Upon information and belief, Defendant uses the domain www.broadcomdc.com, which incorporates a confusingly similar variation of the BROADCOM mark, with the bad faith intent to profit from the unauthorized use of the Broadcom Marks and the goodwill associated therewith.

62. Defendant has no intellectual property right in or to the Broadcom Marks.

63. Defendant's actions constitute willful cybersquatting in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

64.     Plaintiff has no adequate remedy at law, and the registration and use of the Infringing Domain has caused, is causing, and is likely to cause substantial and irreparable injury to the public and to Plaintiff.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an order from this Court:

A.      Preliminarily and permanently enjoining Defendant, and its directors, officers, agents, employees, successors and assigns, and all individuals acting in concert or participation with them, from:

1. Any further infringement of Plaintiff's trademark rights; and
2. Unfairly competing with Plaintiff;

B.      Directing Defendant to deliver up to Plaintiff for destruction or other disposition, within thirty days or entry of final judgment, any and all infringing materials, including but not limited to, marketing materials, print advertisements, and promotional videos used by or in Defendant's possession that display: (1) the Infringing Marks; and/or (2) any other mark that is confusingly similar to the Broadcom Marks;

C.      Directing Defendant and its directors, officers, agents, employees, successors and assigns, and all individuals acting in concert or participation with them to stop using, linking to, selling, operating and/or hosting websites, or exercising control over the Infringing Domain or any other confusingly similar domain name that is used or could be used to advertise, market,

11

sell, and/or offer for sale infringing goods or services and transfer the Infringing Domain to Plaintiff;

D. For an award of Defendant's profits and Plaintiff's damages in an amount to be determined at trial for trademark infringement under 15 U.S.C. § 1114(a);

E. For an award of Defendant's profits and Plaintiff's damages in an amount to be determined at trial for false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

F. For statutory damages pursuant to 15 U.S.C. § 1117(c), which election Plaintiff will make prior to the rendering of final judgment;

G. For an award of costs incurred by Plaintiff in this action;

H. Trebling the amount of the award to deter in the future Defendant's willful, intentional, and bad faith conduct;

I. For an award of attorneys' fees, costs, and disbursements incurred in this action based on Defendant's willful, intentional, and bad faith conduct; and

J. Such other and further relief as the Court deems just and proper.

Dated: April 26, 2022  Respectfully submitted:

 /s/ Aarti Shah
Aarti Shah (D.C. Bar No. 1020679)
KILPATRICK TOWNSEND & STOCKTON LLP
607 14th Street, NW Suite 900
Washington, DC 20005
Telephone: (202) 481-9937
ashah@kilpatricktownsend.com

Kate Bohmann *Pro Hac Vice Forthcoming*
Ian Saffer *Pro Hac Vice Forthcoming*
ADSERO IP
8210 Southpark Terrace

Littleton, CO 80120
Telephone: (303) 268-0066
kbohmann@AdseroIP.com
ian@AdseroIP.com

*Counsel for Plaintiff Avago Technologies
International Sales Pte. Ltd.*